IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TEAMSTERS LOCAL UNION
No. 505 affiliated with the
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

            Plaintiff,

v.                                  CIVIL ACTION NO. 3:09-0490

AMERICAN BENEFIT CORPORATION,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is the Plaintiff's Motion for Attorney's Fees and Costs (Doc. 17). On February 24, 2010, the Court issued a Memorandum Opinion and Order (Doc. 15) granting summary judgment in Plaintiff's favor. Because the Court **FINDS** that the Defendant's position in this case was "without justification" and resulted in a substantial delay of arbitration, it now **GRANTS** Plaintiff's motion for costs and fees and **DIRECTS** Defendant to pay all of the claimed costs and fees incurred in pursuit of this action.

**Background**

Plaintiff filed this motion on May 5, 2009 to compel arbitration. Both parties are signatories to a collective bargaining agreement. That agreement contains grievance procedures for resolving differences which arise under its provisions, ending in arbitration before the Piedmont Grievance Committee ("PGC"). The PGC is a joint committee of union and employer representatives, which hears and decides grievances referred to it by Teamster Local Unions and employers subject to collective bargaining agreements designating it as arbitrator. On November 7, 2008, the president

of Teamsters Local Union No. 505 ("Union") initiated a grievance on behalf of all affected employees regarding the Union's claim that the company had diverted and/or subcontracted bargaining unit work in violation of the parties' agreement and memorandum of understanding. On November 10, 2008, the Union president received a letter from American Benefit Corporation's ("ABC's") director of human resources, claiming that the grievance was untimely. In a letter dated December 15, 2008 the direct of human resources conceded that both the underlying substantive issue – whether bargaining unit work had been diverted and/or subcontracted – and the related procedural issue – the timeliness of the grievance – were subject to arbitration. The company, however, refused to have the procedural and substantive issues decided in the same proceeding. Instead, the company demanded that the procedural issue be resolved, through arbitration, before the substantive issue was submitted to the arbitrator. Plaintiff filed suit in this Court to compel ABC's compliance with the dispute resolution procedure under the collective bargaining agreement. The parties agree that nothing in the agreement specifies whether they are entitled to single or multi-staged arbitration.

Plaintiff filed its motion for summary judgment on January 6, 2010. Defendant did not offer any response. In a Memorandum Opinion and Order entered on February 24, 2010, the Court found that the question of whether to proceed in a single or multi-stage arbitration was itself a procedural question, one of case management, which should be left to the arbitrator. As such the Court granted summary judgment and ordered that the parties put all matters before the arbitrator, and left the decision on how to proceed to the arbitrator. Plaintiff filed the instant motion for costs and fees on March 3, 2010 and Defendant has failed to respond.

**Analysis**

Neither the collective bargaining agreement nor § 301 of the Labor Relations Management Act, under which this case was brought, provide for the award of attorney's fees. *See* 29 U.S.C. § 185. Under such circumstances, courts traditionally adhere to the American Rule for costs and fees, which requires each party to bear their own costs for litigation. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240 (1975). The traditional rule, however, is subject to certain limited exceptions derived from the courts' historic powers of equity. *United Food and Commercial Workers v. Marval Poultry Company, Inc.* 876 F.2d 346 (4th Cir. 1989). In *Marval Poultry*, the Fourth Circuit Court of Appeals determined that attorney fees and costs could be awarded in a section 301 action where a party's position was "without justification." *Id.* Although the *Marval Poultry* action involved a challenge to an arbitrator's award, other courts, including at least one from this district, have found the standard to be applicable when a defendant refuses to submit to arbitration. *See Service Employees Intern. Union AFL-CIO v. Nonotuck Resource Associates, Inc.* 64 F.3d 735 (1st Cir. 1995); *Chauffers, Teamsters, & Helpers v. Stoehmann Bros.,* 625 F.2d 1092 (3d Cir. 1980); *United Food & Commercial Workers Union v. Alpha Beta Co,* 736 F.2d 1371 (9th Cir. 1984); *Food and Commercial Workers v. West Virginia-American Water Co.,* 2006 WL 2822262 (S.D. W.Va. Sept. 29, 2006).

Here, the Court concludes that the Defendant acted without justification when it refused to submit all matters to arbitration and delayed those proceedings. Defendant conceded that both the substantive issue to be resolved – whether there was a violation of the collective bargaining agreement and a primary procedural issue – the timeliness of the grievance – were both arbitrable. The only dispute was whether Defendant had the right to refuse to submit the first issue to the

arbitrator before the second issue was resolved. As the Court found in its prior Memorandum Opinion and Order this is simply a matter of case management and clearly a procedural issue for the arbitrator to decide. Defendant did not even proffer a response to Plaintiff's motion for summary judgment in support of its position. Finally, Defendant's refusal to submit all matters to arbitration resulted in a delay of proceedings for nearly a year, greatly hindering the primary purpose of arbitration – "the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Raymond James Financial Services, Inc. v. Bishop*, 59 F.3d 183, 190 (4th Cir. 2010) (quoting *Abex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.* 142 F.3d 188, 193 (4th Cir. 1998)). For these reasons the Court **GRANTS** Plaintiff's motion. Additionally, the Court has reviewed the documentation submitted in support of the claimed costs and fees and **FINDS** that both the rates and hours are reasonable. As such, the Court **DIRECTS** Defendant to pay costs and fees in the amount of $1,670.94.

## Conclusion

For the reasons explained above the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs (Doc. 17). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 2, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE